IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> SWM INTERNATIONAL, LLC, <br><br> *Defendant.* | Civil Action No: _____ <br><br> **COMPLAINT <br> AND DEMAND FOR JURY TRIAL** |

Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") file this Complaint for patent infringement against SWM International Inc. ("Defendant"), and, in support thereof, allege as follows:

## THE PARTIES

1. Plaintiff DynaEnergetics Europe GmbH ("DynaEnergetics Europe") is a corporation organized under the laws of Germany, with its headquarters at Kaiserstrasse 3, 53840 Troisdorf, Germany.

2. Plaintiff DynaEnergetics US, Inc. ("DynaEnergetics US") is a corporation organized under the laws of the State of Colorado, with its headquarters at 2050 W. Sam Houston Pkwy S., Suite 1750, Houston, TX 77042-3659.

3. Upon information and belief, Defendant SWM International, LLC is a Delaware limited liability company with its headquarters at 2225 West Alcock Street, Pampa, Texas 79065. Defendant SWM International Inc. may be served with process by serving its registered agent, Dawna Mauldin at 2225 West Alcock Street, Pampa, Texas 79065, or as otherwise authorized under applicable law.

1

4.     Upon information and belief, Defendant has regular and established places of business throughout Texas and in this District, including its headquarters at 2225 West Alcock Street, Pampa, Texas 79065.

## JURISDICTION AND VENUE

5.     This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, including 35 U.S.C. § 1 *et seq.*

7.     This court has personal jurisdiction over Defendant, and venue is proper in this District, because Defendant resides in this District and has regular and established places of business located within this District, and because Defendant actively and regularly conducts business within the State of Texas and within this District, including at its headquarters.  Further, upon information and belief, infringement has occurred and/or is occurring within the State of Texas and this District through Defendant's manufacture and distribution of the SWM "Thunder Disposable Gun System" (hereinafter referred to as "Thunder Gun") at its Texas manufacturing and distribution facilities, and within the State of Texas and this District through Defendant's sales of or offers to sell the Thunder Gun.  Upon information and belief, infringement may also be occurring within the State of Texas and this District through Defendant's manufacture and distribution of other SWM products that may be the same or similar to the Thunder Gun, but have a different tradename including but not limited to the SWM "PerfAlign" and "PerfStorm" products (collectively referred to as "Other SWM Perf Products"), at its Texas manufacturing and distribution facilities, and within the State of Texas and this District through Defendant's sales of or offers to sell the Other SWM Perf Products.

8. Venue as to Defendant is thus proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTS

9. DynaEnergetics is a leader in the field of well completion, perforating, well abandonment, and seismic technologies. DynaEnergetics has a long history of technological innovation, including innovation in the manufacture of detonators, detonating cords, and perforating hardware.

10. In connection with its research and development efforts, DynaEnergetics has developed groundbreaking inventions for a wireless detonator assembly, a pre-wired perforating gun assembly, and methods of assembling the pre-wired perforating gun assembly. These inventions are currently protected by multiple United States patents, including U.S. Patent No. 10,844,697 (the "'697 Patent").

11. The '697 Patent, entitled "PERFORATION GUN COMPONENTS AND SYSTEM," was duly and legally issued on November 24, 2020 to DynaEnergetics Europe GmbH. A true and accurate copy of the '697 Patent is attached hereto and incorporated herein by reference as Exhibit A.

12. DynaEnergetics makes, distributes, offers to sell, and sells perforating gun systems that practice the '697 Patent. DynaEnergetics Europe exclusively licenses DynaEnergetics US to make, distribute, offer to sell, and sell perforating gun systems that practice the '697 Patent in the United States. DynaEnergetics has marked the covered products in accordance with 35 U.S.C. § 287.

13. Defendant is a competitor of DynaEnergetics, including in the field of perforating systems. Defendant has, upon information and belief, either alone or in concert, manufactured,

distributed, sold, or offered to sell the Thunder Gun and Other SWM Perf Products in the United States, including within the State of Texas and within this District.

14. Defendant describes its manufacture of perforating guns on its website at http://www.swmtx.com/about_swm.html. A copy of the Defendant's website (as accessed on January 27, 2021) is attached hereto and incorporated herein by reference as Exhibit B. Defendant previously advertised its perforating gun products, including the Thunder Gun, on its website. Since at least as early as January 23, 2021, however, Defendant removed the webpage advertising the Thunder Gun. Upon information and belief, Defendant continues to manufacture, distribute, sell, or offer to sell the Thunder Gun and/or Other SWM Perf Products in the United States, including within the State of Texas and within this District.

15. Defendant also still provides a downloadable PDF containing specifications for the Thunder Gun, available at http://www.swmtx.com/pdf/thunder_gun.pdf.  A copy of the Defendant's downloadable PDF specifications for the Thunder Gun (as downloaded on January 27, 2021) is attached hereto and incorporated herein by reference as Exhibit C.

16. The Thunder Gun infringes one or more claims of the '697 Patent, including at least each and every element of Claim 1 either literally or equivalently, as set forth below.

17. Claim 1 of the '697 Patent recites:

> 1. An electrical connection assembly for establishing an electrical connection in a tool string, the electrical connection assembly comprising:
>
>> a tandem seal adapter having a first end, a second end and a bore that extends from the first end to the second end and entirely through the tandem seal adapter;
>>
>> a perforation gun system comprising a first outer gun carrier, a shaped charge, and a first detonator, wherein the shaped charge and the

first detonator are positioned within the first outer gun carrier, wherein the first outer gun carrier is connected to the first end of the tandem seal adapter; and

a pressure bulkhead having an outer surface, a first end and a second end, the outer surface of the pressure bulkhead is sealing received in the bore of the tandem seal adapter, the pressure bulkhead also having a pin connector assembly extending through the pressure bulkhead from a first pin connector end to a second pin connector end, and configured to relay an electrical signal from the first end of the pressure bulkhead to the second end of the pressure bulkhead, wherein the first pin connector end extends beyond the first end of the pressure bulkhead and the second pin connector end extends beyond the second end of the pressure bulkhead, wherein

the first detonator is in electrical communication with the pin connector assembly, wherein the tandem seal adapter and the pressure bulkhead are configured to provide a seal between the detonator and an environment on the second end of the tandem seal adapter.

18. The Thunder Gun either literally or equivalently contains an electrical connection assembly for establishing an electrical connection in a tool string. This is evidenced by the description of the Thunder Gun in Exhibit C stating that the Thunder Gun has a "Pre-wired Pin-Box Gun . . . for quicker installation," a "Single Style Feed-Thru for simplified connections," and that the Thunder Gun is "Pre-wired w/ double insulated wire." An example of this is also shown in the below photos of the Thunder Gun.



19.     The electrical connection assembly in the Thunder Gun either literally or equivalently comprises a tandem seal adapter having a first end, a second end and a bore that extends from the first end to the second end and entirely through the tandem seal adapter. An example of this is shown in the below annotated photo of the Thunder Gun.



20.     The electrical connection assembly in the Thunder Gun either literally or equivalently comprises a perforation gun system comprising a first outer gun carrier, a shaped charge, and a first detonator, wherein the shaped charge and the first detonator are positioned

within the first outer gun carrier, wherein the first outer gun carrier is connected to the first end of the tandem seal adapter. This is evidenced in the below annotated photos of the Thunder Gun, which shows the Thunder Gun outer gun carrier, an assembly including a carrier for housing a shaped charge (not shown) and a first detonator (not shown). The Thunder Gun assembly is positioned within the outer gun carrier, wherein the outer gun carrier is connected to the first end of the tandem seal adapter.



21.    The electrical connection assembly in the Thunder Gun either literally or equivalently comprises a pressure bulkhead having an outer surface, a first end and a second end, the outer surface of the pressure bulkhead is sealing received in the bore of the tandem seal adapter, the pressure bulkhead also having a pin connector assembly extending through the pressure bulkhead from a first pin connector end to a second pin connector end, and configured to relay an electrical signal from the first end of the pressure bulkhead to the second end of the pressure bulkhead, wherein the first pin connector end extends beyond the first end of the pressure bulkhead and the second pin connector end extends beyond the second end of the

pressure bulkhead. This is evidenced by the description of the Thunder Gun in Exhibit C stating that the Thunder Gun uses a "Single Style Feed-Thru for simplified connections." An example of this is shown in the below annotated photos from of the Thunder Gun.







22. The electrical connection assembly in the Thunder Gun either literally or equivalently comprises the first detonator being in electrical communication with the pin connector assembly, wherein the tandem seal adapter and the pressure bulkhead are configured to provide a seal between the detonator and an environment on the second end of the tandem seal adapter. This is evidenced by the description of the Thunder Gun in Exhibit C stating that the Thunder Gun "Can be used with any brand of Addressable Switches & Detonators" and that the "Contact End Fittings" are "Pre-wired w/ double insulated wire" and "Used with Addressable Switch only." An example of this is also shown in the below annotated photos of the Thunder Gun.





23. Defendant has known of the '697 Patent and its own infringing activities since at least as early as the filing of this complaint. Further, on September 11, 2020, DynaEnergetics put Defendant on notice of U.S. Patent Application 16/585,790 (the "'790 Application") that led to the '697 Patent. The claims in the published '790 Application are identical to the claims that

actually issued in the '697 Patent. A copy of the letter sent to Defendant on September 11, 2020 is attached hereto and incorporated herein by reference as Exhibit D. DynaEnergetics sent another email on November 25, 2020, informing Defendant of the issuance of the '697 Patent and again notifying Defendant of its infringement. Defendant responded to DynaEnergetics on September 25, 2020 and December 21, 2020 representing that Defendant would cease its infringing activity and begin to phase out the Thunder Gun. However, after further communication between DynaEnergetics and Defendant, Defendant notified DynaEnergetics on January 10, 2021 that Defendant would not sign any agreement stating that Defendant would cease its infringing activity. In addition, as of at least January 23, 2021, it appears that Defendant has attempted to remove some, but not all, publicly available online mentions of the Thunder Gun, evidencing Defendant's acknowledgement of its infringing activity. Upon information and belief, Defendant has not ceased its infringing activity and likely has started branding the same Thunder Gun under different tradenames, including the Other SWM Perf Products.

24. Because Defendant is using infringing technology to compete directly with DynaEnergetics, it is causing irreparable harm to DynaEnergetics, thereby forcing DynaEnergetics to bring this lawsuit to protect its intellectual property.

## COUNT I – INFRINGEMENT OF THE '697 PATENT

25. DynaEnergetics repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

26. DynaEnergetics is the owner of the '697 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '697 Patent against infringers, and to collect damages for all relevant times.

27. Defendant has, either alone or in concert, directly infringed and continues to infringe the '697 Patent, either literally or through the doctrine of equivalents, by making, using,

importing, supplying, distributing, selling and/or offering for sale the Thunder Gun and the Other SWM Perf Products within the United States, in violated of 35 U.S.C. § 271(a).

28. Upon information and belief, Defendant has made and is continuing to make unlawful gains and profits from its infringement of the '697 Patent.

29. At least as early as November 25, 2020 or, alternatively, at least as early as the filing of this complaint, Defendant has been on notice of and has had knowledge of, '697 Patent and of DynaEnergetics' allegations of infringement.  Defendant's infringement of the '697 Patent has been willful and deliberate at least since this date.

30. DynaEnergetics has been damaged and irreparably harmed by Defendant's infringement of the '697 Patent for which DynaEnergetics is entitled to relief under 35 U.S.C. § 284 and 35 U.S.C. § 154(d).  DynaEnergetics will continue to suffer damages and irreparable harm unless Defendant is enjoined preliminarily and permanently by this Court from continuing its infringement.

## ATTORNEYS' FEES

31. Pursuant to 35 U.S.C. § 285, DynaEnergetics is entitled to and hereby demands its reasonable attorneys' fees in this case.

## JURY DEMAND

32. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DynaEnergetics respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, DynaEnergetics respectfully asks that the Court issue citation for Defendant to appear and answer and seeks the following additional relief:

A. that Defendant be declared to have directly infringed one or more of the claims of the '697 Patent under 35 U.S.C. § 271(a);

B.    that that Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringement of the claims of the '697 Patent by Defendant, its officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

C.    that the Court order an accounting for all monies received by or on behalf of Defendants and all damages sustained by DynaEnergetics as a result of Defendant's aforementioned infringements, that such monies and damages be awarded to DynaEnergetics, and that interest and costs be assessed against Defendant pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 154(d);

D.    that the Court declare that Defendant's infringement was and is willful from the time it became aware of the infringing nature of their product and award treble damages for the period of such willful infringement of the '697 Patent, pursuant to 35 U.S.C. § 284;

E.    that the Court declare this an exceptional case and order that Defendant pay to DynaEnergetics its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

F.    that the Court award such further and other relief to DynaEnergetics as the Court deems just, together with its costs and disbursements in this action.

Dated: January 28, 2021            Respectfully submitted,

By: */s/ William N. Drabble*
William N. Drabble
Texas Bar No. 24074154
London England
Texas Bar No. 24110313
GRAY REED & MCGRAW LLP
1601 Elm. St., Suite 4600
Dallas, TX 75201
Telephone: (214) 954-4135
Facsimile:  (214) 953-1332
Email: wdrabble@grayreed.com
Email: lengland@grayreed.com

>Barry J. Herman (*pro hac vice* to be filed)
>Maryland Federal Bar No. 26061
>Stephanie M. Nguyen (*pro hac vice* to be filed)
>DC Bar No. 1046300
>Julie C. Giardina (*pro hac vice* to be filed)
>Maryland Federal Bar No. 21085
>WOMBLE BOND DICKINSON (US) LLP
>100 Light St, 26th Floor
>Baltimore, MD 21202
>Telephone: (410) 545-5830
>Email: Barry.Herman@wbd-us.com
>Telephone: (410) 545-5873
>Email: Stephanie.Nguyen@wbd-us.com
>Telephone: (410) 545-5802
>Email: Julie.Giardina@wbd-us.com
>
>Preston H. Heard (*pro hac vice* to be filed)
>Georgia Bar No. 476319
>WOMBLE BOND DICKINSON (US) LLP
>271 17th Street, NW, Suite 2400
>Atlanta, GA 30363
>Telephone: (404) 888-7366
>Email: Preston.Heard@wbd-us.com
>
>Lisa J. Moyles (*pro hac vice* to be filed)
>Connecticut State Bar No. 425652
>Jason M. Rockman (*pro hac vice* to be filed)
>New York Bar No. 4450953
>MOYLES IP, LLC
>One Enterprise Drive, Suite 428
>Shelton, CT 06484
>Telephone: (203) 428-4420
>Email: lmoyles@moylesip.com
>Email: jrockman@moylesip.com
>
>***Attorneys for Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc.***