IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., | § § § § § § § § § § § § | |
| *Plaintiffs*, | | Civil Action No. 3:21-cv-00192-M |
| v. | | Jury Trial Requested |
| SWM INTERNATIONAL, LLC, | | |
| *Defendant*. | | |

**DEFENDANT'S MOTION TO STAY PENDING ENTRY OF FINAL JUDGMENT**

All claims asserted in this case by Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc's (collectively, "Dyna") are based on Defendant SWM International LLC's ("SWM") alleged infringement of U.S. Patent No. 10,844,697 ("the '697 patent"). As of August 26, 2021, ownership of the '697 Patent is the subject of a dispute pending in the U.S. District Court for the District of Colorado. *See* DA0003. That dispute is potentially dispositive of all claims in this litigation, and its resolution can thus eliminate or simplify all of the issues before this Court and potentially save the parties and this Court significant time and resources. Accordingly, SWM requests that this Court stay the proceedings in this case until the ownership of the asserted patent has been resolved.

**I. BACKGROUND AND SUMMARY OF THE ARGUMENT**

The '697 Patent identifies five inventors—Frank Haron Preiss, Liam Mcnelis, Eric Mulhern, Thilo Scharf, and David C. Parks. The first four inventors have apparently assigned their rights in the claimed invention to Dyna. Mr. Parks indisputably did **not** assign his rights as an inventor to Dyna (or any affiliated entity) prior to the filing of U.S. Patent Application No.

1

16,585,790 ("the '790 Application"), the application that became the '697 Patent. Instead, he assigned his rights to a company he owned called JDP Engineering and Machine, Inc. ("JDP").

On March 2, 2020, the examiner assigned to the '790 Application entered a Notice of Allowance indicating that the claims would be allowed as an issued patent. Shortly thereafter, Dyna's executive and outside attorneys, through a series of calculated misrepresentations, induced Mr. Parks to execute a gratuitous assignment transferring to Dyna JDP's rights in a wide range of intellectual property assets, including the '790 Application. More recently, upon learning of Dyna's misrepresentations and subsequent enforcement activities against SWM and others, Mr. Parks executed a new assignment transferring JDP's rights in the '697 Patent to SWM. Thereafter, SWM filed suit in Colorado seeking a declaration that the original April 2020 assignment from JDP to Dyna is void and voidable on numerous grounds—including fraudulent inducement and a lack of consideration—and, accordingly, that SWM is the current owner of JDP's rights in the '697 Patent. And, if SWM is determined to be the co-owner of the asserted patent, it cannot be sued for infringement of its own patent and the present case must be dismissed. *See* 35 U.S.C. § 262.

Per the Scheduling Order (Dkt. No. 48), the case is in its early stages, claim construction has barely begun, and trial is not set until 2023. As explained above, the declaratory judgment action is case-dispositive. In the interest of saving cost and effort for both parties and this Court, SWM requests that this Court stay discovery and case deadlines until the declaratory judgment action is resolved.

II. **STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT**

The issue before this Court is whether a stay pending resolution of the declaratory judgment action, which could be dispositive of all claims involved in this litigation, would simplify the issues

related to the '697 Patent and reduce the burden of litigation on the parties and this Court without unfair prejudice to Dyna.

### III. LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay the proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). This Court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). This includes protecting a party from discovery that creates undue burden or expense. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990).

When considering a motion to stay, the Court should determine: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F. 3d 1357, 1361 (Fed. Cir. 2016); *Uniloc 2017 LLC v. Elect. U.S.A., Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545, at *2 (N.D. Tex. Jan. 23, 2020). District courts may also consider, as a fourth factor, whether the stay will reduce the burden of litigation on the court and the parties. *Id.*

### IV. ARGUMENTS

Good cause exists to grant SWM's motion to stay because Dyna's right to bring suit has been called into question. *See Optimal Golf Sol., Inc. v. Altex Corp.*, No. 3:09-CV-1403-K, 2009 WL 10733424, at *1 (N.D. Tex. Sept. 30, 2009); *Gen-Probe Inc. v. Amoco Corp. Inc.*, 926 F.Supp. 948 (S.D. Cal. 1996). Further, staying the case will not unduly prejudice Dyna because it will allow all parties to avoid potentially wasting substantial time and expense proceeding with this case, and also because there will be no future competition from the accused product presently at issue in this case. Moreover, Dyna cannot credibly claim to be unduly prejudiced by a temporary stay of its

effort to enforce rights which were fraudulently obtained. Finally, because this case is still in the relatively early stages, granting a stay would potentially save substantial cost and effort for both parties and this Court.

### A. Dyna will not be unduly prejudiced or tactically disadvantaged if a stay is granted.

As a threshold matter, "[b]ecause delay results inherently from the issuance of a stay, courts have found that 'mere delay does not without more, necessitate a finding of undue prejudice and clear tactical disadvantage.'" *Nussbaum v. Diversified Consultants, Inc.*, 2015 WL 5707147 at *2 (D.N.J. Sep. 28, 2015). Thus, the fact that resolution of the present case will be delayed is insufficient to warrant denial of SWM's motion.

Moreover, because SWM's declaratory judgment action is potentially case-dispositive, **all** parties—including Dyna—will be unduly prejudiced if this case proceeds forward before the ownership of the '697 Patent is resolved. *See Rmail Ltd. v. Amazon.com, Inc.*, No. 2:10-CV-258, 2014 WL 11394910, at *6 (E.D. Tex. Jan. 30, 2014) ("Allowing plaintiffs to first litigate the state law ownership issues in California will streamline these cases and avoid unnecessary costs and efforts on behalf of all the parties."). If there is a risk of undue prejudice to Dyna—not to mention SWM and this Court—it lies in the prospect of incurring the "massive costs that proceeding with this litigation would entail" only to have it later determined that Dyna was not actually entitled to pursue the asserted claims. *Gen-Probe*, 926 F. Supp. at 964.

Further, to the extent Dyna claims it will be prejudiced through continued competition from SWM's accused products, SWM has informed Dyna multiple times that the product in question is being phased out. As explained in more detail in SWM's response to Dyna's motion for preliminary injunction, there is no risk of continued infringement by the ThunderGun if this litigation is stayed. Even so, there is no likelihood of damage or harm to Dyna merely because a

stay could cause a delay to the plaintiff in receiving money damages. *Nomadix, Inc v. Guest-Tek Interactive Entm't Ltd.*, No. CV 16-8033-AB (FFMx), 2018 WL 6137179, at *2 (C.D. Cal Apr. 18, 2018) (citing *Bay Area Surgical Grp. Inc. v. Aetna Life Ins. Co.*, No. 5:13-CV-05430-EJD, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014)). Although Dyna does request nonmonetary relief, the crux of Dyna's complaint is monetary damages, and Dyna's request for nonmonetary relief is designed to prevent future financial harm. This is insufficient prejudice to deny a stay. *Nomadix*, 2018 WL 6137179, at *3.

Finally, "any prejudice this stay may impose must be attributed solely to Plaintiffs' own actions." *Rmail*, 2014 WL 11394910 at *6. As laid out in SWM's Complaint in the declaratory judgment action, the ownership dispute presented in that case is entirely due to a scheme through which Dyna misled JDP into assigning away its ownership rights in the family of patents which Dyna now claims to be immensely valuable. *See* DA0003. Dyna can hardly be heard to complain that it will be unduly prejudiced because its claims in this case are paused while it is forced to answer for its own fraudulent actions.

**B.     A stay will simplify the issues in this case.**

Courts routinely stay infringement actions when ownership of the asserted patent is being disputed in another forum. For example, in *Optimal Golf*, 2009 WL 10733424 at *1, Judge Kinkeade noted that "[t]he ownership of patent '093, the patent at issue is uncertain at this point in time. . . . This issue must be clarified before the parties and this Court can proceed in this case." Indeed, a determination that the plaintiff does not have the right to pursue the asserted infringement claims is the "ultimate simplification of the issues." *RPost Holdings, Inc. v. Exacttarget, Inc.*, No. 2:-12-CV-512-MHS-RSP, 2014 WL 12703780, at *3 (E.D. Tex. Sep. 29, 2014).

SWM's declaratory judgment action absolutely has the potential to result in the ultimate simplification of all issues in the present case.  If the April 2020 assignment from JDP to Dyna is invalidated in the Colorado action, SWM will own an undivided joint interest in the '697 Patent by virtue of the August 2021 assignment from JDP.  Pursuant to 35 U.S.C. § 262, the co-owner of a patent has the right to practice the patented invention even without the consent of his or her fellow owners.  Thus, if SWM is successful in its case pending in Colorado, all claims in the present case would necessarily need to be dismissed and there would be no reason to address issues of claim construction, non-infringement, invalidity, or anything else.

## C. The case is in its early stages.

"Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014); *see also Lubrizol Specialty Prod., Inc. v. Baker Hughes Inc.*, No. H-15-2915, 2017 WL 2255579, at *2 (S.D. Tex. May 23, 2017) (granting a stay and determining the case was at an early stage because the parties had not provided expert reports, had not engaged in expert discovery, and had taken few depositions).

Claim construction has barely begun, discovery is not nearly complete, and trial is not set until April 24, 2023.  Further, the parties have not yet provided expert reports for either claim construction or for non-construction issues, nor have they engaged in expert discovery, which will not close for another year.  Although discovery is underway, a significant amount of work remains to be completed by the parties and this Court.  These factors show that this case is at an early stage. *See Rmail*, 2014 WL 11394910 at *6 (concluding that the "early posture . . . supports a stay" where the case "has just started claim construction briefing").

6

Here, of course, there is a significant amount of work ahead—virtually all of it. This factor weighs in favor of granting a stay.

**D.     Granting a stay until the resolution of the declaratory judgment action would save cost and effort for both parties and this Court and reduce the burden of this litigation.**

Because the issues in this case could be eliminated by the declaratory judgment and this case is still at an early stage, a stay until the declaratory judgment action is decided will undeniably reduce the burden and expense of litigation on the parties and this Court.

The Scheduling Order's remaining schedule, including numerous and significant deadlines related to claim construction, may be stayed for the pendency of the declaratory judgment action, and the parties would benefit from reduced costs and efforts during that duration. Staying the case will preserve judicial resources that might otherwise be spent needlessly managing a case that could be moot if JDP's assignment to Dyna is declared invalid. Courts have often found granting a stay pending resolution of ownership issues would streamline the litigation and prevent the parties from suffering undue burden and expense. *RMail*, 2014 WL 11394910, at *6.

**V.     CONCLUSION**

Because the declaratory judgment action is potentially case-dispositive, there is good cause for granting a stay. Staying this case would not unduly prejudice Dyna, would simplify the issues at trial, and conserve costs for the parties and this Court based on the early stage of the case. For the foregoing reasons, SWM respectfully requests that this Court grant the stay pending entry of a final judgment in SWM's declaratory judgment action.

Date:  September 1, 2021

Respectfully submitted,

/s/ *Elizabeth M. Chiaviello*
Elizabeth M. Chiaviello
Texas Bar No. 24088913
elizabeth.chiaviello@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
T. 214.466.4000
F. 214.466.4001

C. Erik Hawes
Texas Bar No. 24042543
erik.hawes@morganlewis.com
Melissa Story
Texas Bar No. 24116816
melissa.story@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002-5006
T. 713.890.5000
F. 713.890.5001

Scott S. Sherwin (Admitted pro hac vice)
Illinois Bar No. 6293788
scott.sherwin@morganlewis.com
Nicholas A. Restauri (Admitted pro hac vice)
Illinois Bar No. 6309995
nicholas.restauri@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60601
T. 312.324.1000
F. 312.324.1001

Walter Scott Tester (Admitted pro hac vice)
California Bar No. 287228
scott.tester@morganlewis.com
Jacob Joseph Orion Minne (Admitted pro hac vice)
California Bar No. 294570
jacob.minne@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA 94304-1124
T. 650.843.4000

F. 650.843.4001

***Attorneys for Defendant SWM International, LLC***

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 1, 2021 Elizabeth M. Chiaviello, counsel for Defendant conferred with Plaintiffs' counsel, Barry Herman, on this Motion, and Plaintiffs' counsel stated that Plaintiffs are opposed to this Motion.

*/s/ Elizabeth M. Chiaviello*
Elizabeth M. Chiaviello

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on September 1, 2021, a true and correct copy of the foregoing response was served on all counsel of record who have appeared in this case via the Court's CM/ECF system per Local Rule CV-5.1.

*/s/ Elizabeth M. Chiaviello*
Elizabeth M. Chiaviello