IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br><br>*Plaintiffs*, <br><br>v. <br><br>SWM INTERNATIONAL, LLC, <br><br>*Defendant*. | § § § § § § § § § § § § | Civil Action No. 3:21-cv-00192-M <br><br> Jury Trial Requested |

### DEFENDANT SWM INTERNATIONAL, LLC'S
### OPPOSED MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

Defendant SWM International, LLC ("SWM"), files this Opposed Motion for Leave to Amend its Preliminary Invalidity Contentions against U.S. Patent No. 10,844,697 (the "'697 patent"). A redline of SWM's proposed amendments to its contentions are attached hereto as Exhibit A. A0003. During the meet and confer process, Plaintiff DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively "Dyna") indicated that it opposed this amendment. Because good cause exists and because Dyna will not be prejudiced by SWM's proposed amendment, the present motion should be granted.

I.   BACKGROUND

Dyna filed this present action for patent infringement on January 28, 2021. *See* Dkt. No. 1. Pursuant to the Scheduling Order (Dkt. No. 48), Dyna served its Preliminary Infringement Contentions on June 18, 2021, asserting that SWM's ThunderGun (the "Accused Product") infringed claims 1, 2, 8, 9, and 10 (the "Asserted Claims") of the '697 patent. In Dyna's Preliminary Infringement Contentions, Dyna stated that the '697 patent claimed priority to CA Application No. 2821506, filed on July 18, 2013. *See* A0034, Dyna's Preliminary Infringement

1

Contentions at 3.  The face of the '697 patent also indicates that it is part of a string of continuation applications dating back to the July 18, 2013 date.

On August 4, 2021, SWM served its Preliminary Invalidity Contentions on Dyna.  In SWM's search for invalidating prior art, it focused on references before the July 18, 2013 priority date in accordance with Dyna's statements and the information stated on the face of the '697 patent itself.

On September 28, 2021 a Third Party Requester requested reexamination of claims 1, 2, 8, 9, and 10 of the '697 patent.  On November 1, 2021, the Patent Office responded to the request for *ex parte* reexamination.  In its response the Patent Office concluded that claims 1, 2, 8, 9, and 10 of the '697 patent were enabled no earlier than February 8, 2017.  *See* A0050, Reexamination Order at 7.

The Patent Office explained that claims 1, 2, 8, 9, and 10 of the '697 Patent are not entitled to the 2013 priority date because the specifications of the alleged priority applications neither describe in writing nor enable the Asserted Claims' recital of a "pin connector assembly … configured to relay an electrical signal from the first end of the pressure bulkhead to the second end of the pressure bulkhead."  This is unusual because, by their nature, continuing applications are not supposed to introduce new subject matter.

However, during prosecution of a related parent application, U.S. Application No. 15/287,309 ("'309 Application"), Dyna submitted an amendment to the specification dated February 8, 2017.  The amendment deleted a portion of the '309 Application's original description of Fig. 19 that described a short-circuited electrical connection that was grounded through the bulkhead assembly and tandem seal adapter ("TSA").  This deletion was necessary because this portion of the specification described the grounding function performed by the bulkhead assembly

2

and TSA, and would not have allowed the pin connector assembly, within the TSA, to carry an electrical signal. Conversely, the Asserted Claims of the '697 patent claims require "relay[ing] an electrical signal from the first end of the pressure bulkhead to the second end of the pressure bulkhead." This result would not be possible under the '309 Application's original specification because the electrical connection was grounded through the bulkhead assembly and TSA. Thus, the February 8, 2017 amendment during prosecution of the '309 Application had the effect of introducing new subject matter that was required in order to enable the '697 patent's claims. As a result, the '697 patent is not entitled to the priority date claimed on its face and by Dyna in its infringement contentions.

SWM developed, offered for sale, used, and publicly disclosed the ThunderGun at least as early as 2016. Dyna has alleged that the ThunderGun meets every element of the Asserted Claims, as outlined in its Preliminary Infringement Contentions. While SWM disputes Dyna's infringement contentions, under Dyna's theory of infringement, the ThunderGun anticipates or renders obvious the Asserted Claims because it was on sale or in public use more than one year before the priority date of the '697 patent.

The Reexamination Order substantively expanded the scope for invalidating prior art. As such, SWM believes good cause exists to amend its preliminary invalidity contentions. The present motion seeks permission to narrowly amend SWM's preliminary invalidity contentions to include one additional invalidity basis about its ThunderGun product.

## II.    LEGAL STANDARDS

When considering motions for leave to amend or supplement [] contentions, courts apply a good cause standard, whether applying local rules or considering Federal Rule of Civil Procedure 16(b)'s requirement of good cause to modify dates in a court's scheduling order. *See Guardian Tech., LLC v. Radio Shack Corp. X10 Wireless Tech., Inc.*, No. 3:09-CV-00649-B, 2010 WL

11534474, at *1 (N.D. Tex. Aug. 13, 2010) (citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 849 (E.D. Tex. 2004)). The Northern District allows amendment of preliminary invalidity contentions by order of the presiding judge upon a showing of good cause. L.P.R. 3-7. The Local Patent Rules provides that good cause may include "newly discovered bases for claiming infringement, or newly discovered prior-art references." *Id*. "The rules seek to balance the desire for 'parties to crystallize their theories of the case early in the litigation' with the understanding that information pertinent to those theories will be developed over the course of diligent discovery." *Guardian Tech.*, 2010 WL 11534474, at *1 (citing *O2 Micro Intern. Ltd. v. Monolithic Power Sys. Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006)). Further, courts should consider many of the same factors that are routinely considered in deciding whether a scheduling order should be extended including (1) the length of the delay and its potential impact on judicial proceedings; (2) the reason for delay, including whether it was within the reasonable control of the movant; (3) whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent; (4) the importance of the particular matter; and (5) the danger of unfair prejudice to the non-movant. *Id*. (citing *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F.Supp. 2d 620, 624-25 (E.D. Tex. Mar. 30, 2007).

### III.   ARGUMENT

SWM seeks leave to amend its Preliminary Invalidity Contentions with the addition of one primary reference, the Accused Product, SWM's ThunderGun. As shown below, good cause exists for SWM's request and Dyna will not be prejudiced by the present amendment.

####    A.   Good Cause Exists for SWM's Motion

SWM diligently searched for prior art and disclosed all relevant sources it was aware of at the time it filed its preliminary invalidity contentions based on Dyna's alleged priority date. SWM

served its Preliminary Invalidity Contentions on August 4, 2021. On September 28, 2021, a Third Party requested reexamination of the claims asserted in this litigation. On November 1, 2021, the Patent Office responded and stated that claims 1, 2, 8, 9, and 10 were enabled no earlier than February 8, 2017. Eight days later, SWM now files this motion, asking this Court for leave to amend its invalidity contentions.

Just over 90 days have passed since SWM served its preliminary invalidity contentions and SWM only seeks to amend its contentions to include one additional reference. Further, the case is in its early stages and *Markman* briefing has not yet begun. Courts have not found excessive delay where there were few additional references and the case was at an early stage in the litigation. *Paice LLC v. Toyota Motor Corp.*, No. 2:07-CV-180 (DF), 2008 WL 11278039, at *2 (E.D. Tex. Nov. 17, 2008) (finding no excessive delay and sufficient diligence when few references were added and claim construction was ongoing).

At the time SWM filed its preliminary invalidity contentions, SWM could not have known that the scope of applicable prior art would expand from 2013 to 2017 for the Asserted Claims. Dyna claimed that the Asserted Claims of the '697 patent were entitled to the July 18, 2013 priority date. Further, Dyna's claim was supported on the face of the patent itself, which indicated that the patent was part of a string of continuations. *See* '697 patent, 1:7-20. By their nature, none of these continuations should have contained any new subject matter, and during prosecution of the '697 patent, Dyna did not submit a redline identifying the differences between the '697 patent and the earlier applications.

The ThunderGun was not publicly disclosed, on sale, offered for sale, and/or used until early 2016. Therefore, it was not applicable prior art until the Reexamination Order stated that the Asserted Claims were not enabled before February 8, 2017. Local Patent Rule 3.7 allows for

amendment upon the "newly discovered prior-art references." L.P.R. 3.7. Once it became apparent that the ThunderGun was now applicable prior art, SWM was diligent in conferring with Dyna, amending its invalidity contentions, and filing this motion within eight days of the Reexamination Order.

As illustrated in Dyna's Infringement Contentions and under Dyna's theory of infringement, the ThunderGun allegedly meets every element of the Asserted Claims. This same prior art now renders Dyna's Asserted Claims invalid. Dyna cannot both assert that the ThunderGun infringes the Asserted Patents without also rendering the Asserted Claims invalid by the ThunderGun product. As such, SWM would be significantly prejudiced by the exclusion of prior art that renders Dyna's claims invalid. Because SWM could not have asserted the ThunderGun as prior art at the time it served its preliminary invalidity contentions and because SWM was diligent in amending its contentions upon learning the ThunderGun was applicable prior art, good cause exists to grant SWM leave to amend.

### B.     Granting SWM's Motion Will Not Prejudice Plaintiffs

Dyna has known about the ThunderGun since before this litigation, when it first contacted SWM on September 11, 2020 regarding the application for the '697 patent. *See* Dkt. No. 56-4. Dyna cannot claim prejudice for the addition of one new reference that it has known about for over a year.

Dyna has already undergone fact discovery on the ThunderGun and still has over six months left to conduct any fact discovery it considers necessary concerning the ThunderGun as invalidating prior art. And, critically, under the current schedule, the time period for final amendments to SWM's contentions are also still six months away, so no modification to the schedule would be required. There is no danger that Plaintiff will suffer unfair prejudice with SWM's amendment.

Finally, SWM's amendment is not proposed for dilatory purposes. To the contrary, these contentions will expedite and narrow the issues that will be addressed by experts and argued by the parties. No schedule changes are necessitated by the service of the amended preliminary invalidity contentions.

## IV.   CONCLUSION

For all of these reasons, SWM respectfully request that this Court GRANT SWM's Motion for Leave to Amend Invalidity Contentions.

Date:  November 10, 2021               Respectfully submitted,

/s/ *Elizabeth M. Chiaviello*
Elizabeth M. Chiaviello
Texas Bar No. 24088913
elizabeth.chiaviello@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
T. 214.466.4000
F. 214.466.4001

C. Erik Hawes
Texas Bar No. 24042543
erik.hawes@morganlewis.com
Melissa Story
Texas Bar No. 24116816
melissa.story@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street, Suite 4000
Houston, Texas 77002-5006
T. 713.890.5000
F. 713.890.5001

Scott S. Sherwin*
Illinois Bar No. 6293788
scott.sherwin@morganlewis.com
Nicholas A. Restauri*
Illinois Bar No. 6309995
nicholas.restauri@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive
Chicago, IL 60606-1511
T. 312.324.1000
F. 312.324.1001

Walter Scott Tester*
California Bar No. 287228
scott.tester@morganlewis.com
Jacob J.O. Minne*
California Bar No. 294570
jacob.minne@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1400 Page Mill Road
Palo Alto, CA 94304-1124
T. 650.843.4000

8

F. 650.843.4001

\* *Admitted pro hac vice*

**Attorneys for Defendant SWM International, LLC**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on November 10, 2021, a true and correct copy of the foregoing motion was filed via the Court's CM/ECF system, which will serve all counsel of record who have appeared in this case per Local Rule CV-5.

*/s/ Elizabeth M. Chiaviello*
Elizabeth M. Chiaviello